AMBIA BOODY, Plaintiff, *v.* THE LINCOLN NATIONAL BANK of New
York and WILLIAM G. McINTYRE, as Administrator, etc., of
AZARIAH B. HARRIS, Deceased, Defendants.

*Bank account in the name of one as " agent " — right to the balance on deposit at the
depositor's death.*

Azariah B. Harris kept a bank account in the name of " A. B. Harris, Agent," to
the credit of which he was in the habit of depositing his own personal moneys
and against which he checked from time to time. Ambia Boody drew her
check to the order of Harris for $49,000 and gave it to him with instructions
to use the money in purchasing stock of a certain railroad for her. Harris
indorsed the check and deposited it to the credit of the account of " A. B.
Harris, Agent ; " purchased stock to the amount of $42,000 and paid for it out
of the moneys on deposit in the name of " A. B. Harris, Agent ; " delivered the
stock to Ambia Boody, and thereafter died insolvent, without having returned
the balance of the $49,000 to Ambia Boody and leaving $4,440.50 on deposit to
the credit of said account. Ambia Boody and the administrator of Harris each
claimed from the bank the sum so on deposit.

*Held,* that the money in question should be paid by the bank to Ambia Boody.

SUBMISSION of a controversy without action, upon an agreed state-
ment of facts under section 1279 of the Code of Civil Procedure.
The facts agreed upon were as follows : On the 18th day of Janu-
ary, 1892, the defendant A. B. Harris, since deceased, had on
deposit in the Lincoln National Bank of New York, defendant
herein, a corporation duly organized and existing under and by virtue
of the National Banking Act of the United States, and resident in
the city of New York, the sum of $2,967.01. Harris kept his bank
account at the said bank in the name of "A. B. Harris, Agent," and
it was in this account that the said $2,967.01 was kept.

The bank book shows that Harris made deposits to the credit of
this account of "A. B. Harris, Agent," of his own personal moneys
and checked against it from time to time, and this $2,967.01 was
the balance remaining on deposit to the credit of such account on
said 18th day of January, 1892.

On that day the plaintiff drew her check to the order of said
Harris for $49,000, and gave the same to said Harris with instruc-
tions to use said money in the purchase for her of stock of the
Vermont Valley Railroad Company. Said Harris accepted the
money and agreed to carry out the plaintiff's instructions. He

indorsed the check and deposited the same on the 19th day of January, 1892, in said Lincoln National Bank to the credit of his account of "A. B. Harris, Agent."

On or about the 25th day of January, 1892, said Harris purchased 700 shares of the stock of the Vermont Valley Railroad Company, at sixty dollars per share, amounting to the sum of $42,000, and paid for the same out of the moneys on deposit in the name of A. B. Harris, agent, in said Lincoln National Bank, and delivered the said shares to the plaintiff.

Said Harris never purchased any more shares of the said stock of the said railroad nor returned the balance of the money.

The plaintiff was in no way indebted to the said Harris at the time she delivered to him said sum of $49,000, and the agreement between her and Harris was that the whole of said sum should be used by the said Harris in the purchase of stock of the said railroad company.

On the twenty-first of January Harris deposited to the same account $100, and on the fifth of February a further sum of thirty dollars.

In addition to the sum of $42,000, used in the purchase of said stock for plaintiff, said Harris drew out of said account for his personal use between the 19th day of January, 1892, and the 9th day of February, 1892, various sums amounting to $5,656.51, leaving on the 9th day of February, 1892, a balance of $4,440.50 in said bank to the credit of the account of the said A. B. Harris, agent.

On the 9th day of February, 1892, the said Harris died in the city of New York, and thereafter W. G. McIntyre, the defendant herein, was appointed administrator of his estate.

Said sum of $4,440.50 is now in the possession of the said Lincoln National Bank of New York. The plaintiff has made demand upon said bank for the payment of said sum to her. The defendant McIntyre, as administrator of the said Harris, has demanded payment of the said sum to him as such administrator.

The defendant the Lincoln National Bank of New York makes no claim to said sum of money, and is prepared to pay over the same to whomsoever is entitled to receive it upon the order of this court.

The liabilities of the estate of the said A. B. Harris, deceased, exceed his assets. The individual parties hereto are of full age.

The question submitted to the court upon this case is : Is said sum of $4,440.50 the property of the plaintiff, or is the administrator of the estate of the said Harris entitled to receive the same as part of the assets of the estate ?

Plaintiff demands judgment directing that said sum of $4,440.50 in the possession of the Lincoln National Bank of New York be paid to her, and defendant William G. McIntyre, as administrator of A. B. Harris, deceased, demands judgment directing that the said sum of $4,440.50 be paid to him as such administrator.

*P. L. Klock*, for the plaintiff.

*Edward Kent*, for the defendants.

PER CURIAM :

The sum of $4,440.50 on deposit with the Lincoln National Bank to the credit of A. B. Harris, agent, must be paid to the plaintiff, Ambia Boody, with no costs to any party.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

The sum of $4,440.50 on deposit with the Lincoln National Bank to the credit of A. B. Harris, agent, must be paid to the plaintiff, Ambia Boody, with no costs to any party.